UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMEON RUSSELL,

                                 Petitioner,

v.

UNITED STATES OF AMERICA,

                                 Respondent.
_____/

Criminal Case Number 00-20016
Civil Case Number 04-10171
Honorable David M. Lawson

## **OPINION AND ORDER DENYING MOTION TO VACATE SENTENCE**

The petitioner, Dameon Russell, was convicted of violating the Controlled Substances Act after pleading guilty and was sentenced to 121 months in prison. The plea was made under an agreement that provided in part that the sentence would not exceed the midpoint of the applicable Sentencing Guideline range as determined by the Court, and the petitioner was sentenced in accordance with that agreement. Two years after the court of appeals affirmed his conviction and sentence, the petitioner filed a motion under 28 U.S.C. § 2255 to vacate his sentence. The government has filed an answer in opposition. The petitioner contends that his sentence must be vacated because it contravenes the rule announced in *Blakely v. Washington*, 542 U.S. 296 (2004). The Court finds that the motion must be denied because it is untimely and lacks merit.

I.

Dameon Russell was indicted on March 22, 2000 and charged with possessing fifty grams or more of cocaine base with the intent to distribute it. On May 23, 2000, an information was filed under 21 U.S.C. § 851 alleging that the petitioner previously had been convicted of two felony drug offenses. A first superseding indictment was returned on June 14, 2000 adding a second count of distribution of an unspecified quantity of cocaine base, and on August 16, 2000, a second

superseding indictment was returned alleging the same two substantive offenses but adding, in both counts, an allegation that the offenses were committed following two prior felony drug convictions. David Koelzer of the Federal Defender's Office was appointed to represent the petitioner.

The charge in count one of the indictment, which involved more than 50 grams of cocaine base, when coupled with the petitioner's two prior felony drug convictions, exposed the petitioner to mandatory life in prison. 21 U.S.C. § 841(b)(1)(A). Attorney Koelzer successfully negotiated a plea agreement that called for the petitioner to plead guilty to count two of the indictment, which carried a maximum penalty of 30 years in light of the supplemental information under section 851. 21 U.S.C. § 841(b)(1)(C). The petitioner stipulated that he was accountable for 50 to 150 grams of cocaine base, also known as "crack," and his base offense level under the United States Sentencing Guidelines would be 32. The plea agreement limited the petitioner's sentence to no higher than the midpoint of the Sentencing Guidelines range to be determined by the Court. The petitioner entered his guilty plea on February 6, 2001.

A presentence report (PSR) was prepared and the Court held a sentencing hearing on July 30, 2001. Neither party objected to the PSR, which stated that the petitioner was accountable for 83.24 grams of crack. The Court determined that the Sentencing Guidelines range was 121 to 151 months in prison. The Court sentenced the petitioner to the bottom of the range at 121 months, plus six years of supervised release.

The petitioner filed a direct appeal of his conviction and sentence raising the effectiveness of his trial attorney for not advancing several non-prohibited factors in support of a motion for downward departure. The court of appeals affirmed on October 21, 2002, finding that the record was insufficient to assess whether counsel's action fell within the scope of sound strategy, especially

given the sentence at the low end of the range and the petitioner's on-the-record expression of satisfaction with Mr. Koelzer's representation. The petitioner did not apply for certiorari.

On July 19, 2004, the petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255. He did not raise an ineffective assistance of counsel claim in his initial motion, although he did raise one in his reply brief. He states that a jury never determined the amount of drugs involved in the case, nor was the drug quantity alleged in the indictment, and therefore his rights to due process and a jury trial guaranteed by the Fifth and Sixth Amendments were violated. He also claims that his attorney was ineffective for failing to argue the deficiencies in the indictment and proofs in the trial court and on appeal. The government insists that the motion was filed out of time, and it points to several flaws in the petitioner's arguments on the merits.

II.

A federal prisoner challenging his sentence under section 2255 must show that the sentence "was imposed in violation of the Constitution or laws of the United States," the sentencing court lacked jurisdiction, the sentence exceed the maximum penalty allowed by law, or "is otherwise subject to collateral attack." 28 U.S.C. § 2255. However, section 2255 provides a one-year statute of limitations, which is measured from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 para. 6. Because the petitioner has not alleged a governmental impediment to filing the claim he now seeks to assert, a claim newly recognized by the Supreme Court made retroactive to final convictions, or newly discovered facts, subparagraph 1 applies to his case.

A federal criminal judgment becomes final for the purpose of section 2255 at the conclusion of direct review. *United States v. Cottage*, 307 F.3d 494, 499 (6th Cir. 2002). "[F]or federal criminal defendants who do not file a petition for certiorari with [the Supreme] Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 532 (2003). The Sixth Circuit affirmed the petitioner's conviction on October 21, 2002. His conviction became final in this case ninety days later on January 20, 2003. *See Sanchez-Castellano*, 358 F.3d 424, 426 (6th Cir. 2004). The limitations period, then, expired one year later, on January 20, 2004. The petitioner's present motion was not filed until October 27, 2004. Therefore, it is untimely.

The petitioner is not entitled to equitable tolling. A court must consider five factors in determining whether equitable tolling is appropriate in a habeas case:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001). The petitioner has presented no evidence of a lack of constructive knowledge of the filing requirement and has not shown that he was reasonable in remaining ignorant of the legal requirement for filing his claim. The statute of limitations thus forecloses review of his claims.

Moreover, his claims relating to the validity of his sentence in light of the allegations in the second superseding indictment and the proofs were never raised on direct appeal, although they could have been. A claim that could have been raised on direct appeal generally is not reviewable in a section 2255 motion. *Bousley v. United States*, 523 U.S. 614, 621 (1998) (holding that "even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review"); *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (reaffirming that "[s]ection 2255 is not a substitute for a direct appeal, and thus a defendant cannot use it to circumvent the direct appeal process"). In *United States v. Frady*, 456 U.S. 152 (1982), the Supreme Court observed:

> Once the defendant's chance to appeal has been waived or exhausted, however, we are entitled to presume he stands fairly and finally convicted, especially when, as here, he already has had a fair opportunity to present his federal claims in a federal forum. Our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless postconviction collateral attacks. To the contrary, a final judgment commands respect. For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal.

*Id.* at 164-65. *Accord Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000) (stating that "respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal"). Where a defendant fails to assert claims on direct appeal and attempts to raise them in a § 2255 motion, "he also must show either that (1) he had good cause for his failure to raise such arguments and he would suffer prejudice if unable to proceed, or (2) he is actually innocent." *Regalado*, 334 F.3d at 528.

The petitioner has not shown cause for his failure to raise the *Blakely* issue on direct appeal. Nor does the record demonstrate prejudice. The rule of *Blakely* was applied to the United States Sentencing Guidelines by *United States v. Booker*, 543 U.S. 220 (2005). *Blakely* was decided on

June 24, 2004, over a year after the petitioner's conviction in this case became final. The Sixth Circuit recently revisited the question whether *Blakely* or *Booker* are retroactive, and concluded that they are not:

> Despite the fact that Petitioner's appeal from his resentencing became final before the Supreme Court decided *Blakely,* let alone *Booker,* Petitioner argues that his sentence should be vacated so he can be resentenced under those precedents. Petitioner does not dispute that this Court has held that *Booker* does not apply retroactively to § 2255 motions. *Humphress v. United States,* 398 F.3d 855, 860 (6th Cir.), *cert. denied,* --- U.S. ----, 126 S. Ct. 199 (2005). Moreover, *Humphress* makes clear that *Booker* announced a rule of criminal procedure, not a substantive rule. *Id.* at 860 n. 1 ("Without question, this ... is a procedural [rule]." (citing *Schriro v. Summerlin,* 542 U.S. 348, 354 (2004))).

*Lang v. United States*, 474 F.3d 348, 353 (6th Cir. 2007).

Nor would the petitioner be successful on his claim that Mr. Koelzer was constitutionally ineffective for failing to anticipate the *Blakely* and *Booker* decisions and preserve the record accordingly. The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), governs claims of ineffective assistance of counsel. *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). To show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must establish that her attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional

norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688) (internal quotes omitted).

An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. The petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. Unless the petitioner demonstrates both deficient performance and prejudice, "it cannot be said that the conviction [or sentence] . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id*. at 687.

The *Strickland* framework applies to claims of ineffective assistance of counsel arising from a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Carter v. Collins*, 918 F.2d 1198, 1200 (5th Cir. 1990). The first prong of the test remains the same. *Ibid.* However, the prejudice requirement focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Hill*, 474 U.S. at 59. In other words, the defendant must show "that there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded [*nolo contendere*] and would have insisted on going to trial." *Ibid.*; *Carter*, 918 F.2d at 1200; *see also Smith v. United States*, 348 F.3d 545, 551-52 (6th Cir. 2003).

In this case, defense counsel could not make a colorable argument that the petitioner was exposed to a penalty based on judge-found facts alone, thereby bringing this case within the rule of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), or the yet-to-be-decided *Blakely* or *Booker*. To do so, he would have had to argue against the facts in the record, since the petitioner actually stipulated that he was accountable for the type and quantity of drugs that brought him within base level 32

under the Sentencing Guidelines. The petitioner signed a plea agreement attesting to those facts, he admitted those facts at the plea hearing, the presentence report recited those facts, and at the sentencing hearing the parties agreed that the report was accurate.

The petitioner has not shown cause for his failure to raise these issues on direct appeal. Nor does the record demonstrate prejudice. As noted earlier, the petitioner stipulated to the base offense level and the resulting Sentencing Guidelines range, and he was sentenced at the bottom of that range based on the agreed and admitted facts.

III.

The Court finds that the motion was filed after the period of limitation, the petitioner has not asserted a valid excuse for his failure to raise his issues on direct appeal, he cannot show prejudice because there is no merit to the grounds for relief stated in the petitioner's motion, and he cannot demonstrate either deficient performance or prejudice caused by his attorney.

Accordingly, it is **ORDERED** that the petitioner's motion to vacate his sentence [dkt # 53] is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: June 28, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 28, 2007.

s/Felicia M. Moses  
FELICIA M. MOSES