**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

   *Plaintiff*,                        CASE NO: 00-20016

v.                                   DISTRICT JUDGE DAVID M. LAWSON
                                    MAGISTRATE JUDGE CHARLES E. BINDER
DAMEON RUSSELL,

   *Defendant*.
_____/

## ORDER AFTER INITIAL APPEARANCE
## PURSUANT TO RULE 32.1 OF THE FEDERAL RULES
## OF CRIMINAL PROCEDURE

**I. Introduction and Initial Appearance**

Defendant Dameon Russell was arrested on a warrant for supervised release violation issued by United States District Judge David M. Lawson. Defendant was previously convicted of Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 841(b)(1)(d). Defendant requested appointment of counsel and completed a financial affidavit. After review of the affidavit, it was determined that Defendant qualified for appointment of counsel and the Court directed that counsel be appointed.

Defendant appeared with appointed counsel on April 19, 2010, for his initial appearance on allegations of supervised release violations. At that time, Defendant was given the advisement of rights as provided in Rule 32.1(b)(1) of the Federal Rules of Criminal Procedure.

## II. Release or Detention

Pending further proceedings, the Government moved to detain the Defendant. Rule 32.1(a)(6) gives this magistrate judge the authority to release or detain a person charged with supervised release violations under 18 U.S.C. § 3143(a). The statute establishes a presumption in favor of detention that is rebuttable only upon a showing by the defendant, by clear and convincing evidence, that he or she is not likely to flee or pose a danger to any other person or the community. FED. R. CRIM. P. 32.1(a)(6). Moreover, since Defendant Russell has been convicted of a violation of the Controlled Substances Act for which the sentence is greater than 10 years' imprisonment, 18 U.S.C. §§ 3143(a)(2) and 3142(f)(1)(C) give rise to a separate rebuttable presumption that there are no conditions which will reasonably assure the safety of the community.[1]

Defense counsel advised the Court that in light of a recently filed Indictment which contains drug possession and distribution charges, Defendant waived his right to a detention hearing. The Court confirmed this waiver with Defendant Russell through a series of direct questions.

## III. Preliminary Hearing

If a person charged with supervised release violations is detained at the initial appearance, the court must promptly conduct a hearing to determine whether there is

---

[1] 18 U.S.C. § 3143(a)(2)(B) states that the court "shall order" detention "unless . . . the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." The statute also requires that the court find a substantial likelihood that a motion for acquittal or new trial will be granted or that the government has recommended no sentence of imprisonment be imposed on the person. 18 U.S.C. § 3143(a)(2)(A)(I) and (ii). However, since I find Defendant cannot meet the requirements of subsection (B), I need not consider those in subsection (A).

probable cause to believe that a violation occurred, unless the hearing is waived. FED. R. CRIM. P. 32.1(b)(1)(A).

The Petition in this case charges that Defendant committed six (6) violations of mandatory conditions; and violated standard condition #7 on six (6) occasions. After consultation with counsel, the Court was advised by defense counsel that the Defendant waived his right to the preliminary hearing. This waiver was confirmed by direct questioning of Defendant Russell.

### IV. Conclusions and Recommendation

1. I find that Defendant has made a knowing and voluntary waiver of his right to a detention hearing.

2. I find that Defendant has made a knowing and voluntary waiver of his right to a preliminary hearing under FED. R. CRIM. P. 32.1(b)(1)(A).

3. Therefore, **IT IS ORDERED** that Defendant be **DETAINED** until the time of his revocation hearing before Judge Lawson. Defendant shall be held in custody by the United States Marshal's Service and produced for that hearing as directed.

### V. Review

Review of this order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

                                              s/ Charles E Binder
                                              CHARLES E. BINDER
Dated: April 20, 2010                      United States Magistrate Judge

## **CERTIFICATION**

       I hereby certify that this Order was electronically filed this date, electronically served on Janet Parker and Robert Dunn, and served on Probation Officer John Wright and the U.S. Marshal's office in Bay City in the traditional manner.

Date: April 20, 2010         By     s/*Jean L. Broucek*
                                      Case Manager to Magistrate Judge Binder